# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>LEVEL SOLAR INC.,<br>               Debtor,<br>-----------------------------------------------------------------<br>DANIEL COREY HIERGESELL and DENNISE ESPERANZA FLORES, on behalf of themselves and all others similarly situated,<br><br>               Plaintiffs,<br><br>               v.<br><br>LEVEL SOLAR INC.,<br><br>               Defendant. | Bankr. Case No. 17-13469-mkv<br>Chapter 11<br><br><br>**ADVERSARY CLASS ACTION COMPLAINT**<br><br>**Adv. Case No. -_____-___** |

Plaintiffs Daniel Corey Hiergesell and Dennise Esperanza Flores ("Plaintiffs"), by and through their counsel, on their own behalf and on behalf of a putative class of former employees of Level Solar Inc. ("Level Solar" or "Debtor" or "Defendant") allege as follows:

## NATURE OF THE ACTION

1.   This is a class action by Plaintiffs and the other similarly situated employees of Defendant for damages in the amount of 60 days' pay and ERISA benefits due to Defendant's violation of New York Labor Law ("NYLL") § 860 *et seq.* (the "NY WARN Act").

2.   Plaintiffs and other similarly situated employees of Defendant did not receive any advance written notice of their termination. Under the NY WARN Act, Defendant was required to provide at least 90 days' advance written notice of their terminations. As a consequence of Defendant's failure to give such notice, Plaintiffs and other similarly situated employees of Defendant are entitled to statutory remedies.

3.      Mr. Hiergesell filed his Class Action Complaint against Defendant on September 21, 2017 in the Supreme Court of the State of New York, County of New York (Index No. 158458/2017).

4.      Mr. Hiergesell's action was later joined by Ms. Flores, and together, Plaintiffs filed their Amended Complaint against Defendant on September 29, 2017 (Doc. No. 4).

5.      Defendant filed its answer on November 9, 2017 (Doc. No. 6).

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1334 and 29 U.S.C. § 2104(a)(5).

7.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (O).

8.      Venue is proper in this District pursuant to 28 U.S.C. § 1409 and 29 U.S.C. § 2104(a)(5).

## THE PARTIES

*Plaintiffs*

9.      Plaintiff Daniel Corey Hiergesell was employed by Defendant as a Senior Inside Sales Consultant and worked at the Defendant's facility located at 90 13th Ave #8, Ronkonkoma, New York (the "Long Island Facility") until his termination on September 19, 2017.

10.     Plaintiff Dennise Esperanza Flores was employed by Defendant as a Customer Service Specialist and worked at the Defendant's facility located at 236 West 30th Street, Suite 1000, New York, New York, (the "Manhattan Facility") until her termination on September 19, 2017.

*Defendant*

11.     Upon information and belief, Defendant Level Solar is a Delaware corporation with its principal place of business located at the Manhattan Facility.

12.     Upon information and belief, in addition to the Long Island and Manhattan Facilities, Defendant operated and maintained other facilities in Brooklyn, Queens, Staten Island and Hicksville, New York (together with the Manhattan and Long Island Facilities, the "Facilities").

13.     Upon information and belief, Defendant operated two facilities in Brooklyn. One was located at 718 3rd Ave, Brooklyn, New York and the other at 4323 2nd Avenue, Brooklyn, New York.

14.     Upon information and belief, Defendant operated one facility in Queens, located at 8015 Lefferts Boulevard, Suite 1R, Kew Gardens, New York.

15.     Upon information and belief, Defendant operated one facility in Staten Island, located at 358 New Dorp Lane, Staten Island, New York.

16.     Upon information and belief, Defendant operated one facility in Hicksville, located at 327 New South Road, Hicksville, New York.

17.     Upon information and belief at all relevant times, Defendant owned, maintained and operated its business employing more than 200 employees at its Facilities, as that term is defined by the WARN Act.

18.     On or about September 19, 2017, Plaintiffs and all similarly situated employees were employed by Defendant and worked at or reported to one of its Facilities.

19.     Upon information and belief, Defendant made the decision to terminate Plaintiffs and all similarly situated employees on or about September 19, 2017.

3

20. On September 19, 2017, Defendant ordered the mass layoff of its employees and terminated them effective that same day.

21. On September 19, 2017, Defendant informed its employees that their last day of work was September 19, 2017.

22. Defendant did not provide Plaintiffs or the similarly situated employees with any advance written notice of their terminations prior to ordering the layoffs on September 19, 2017.

23. Upon information and belief, Defendant terminated at least 25 full time employees, as defined by the NY WARN Act, at its Long Island and Manhattan Facilities on or about September 19, 2017.

24. Upon information and belief, Defendant terminated approximately 200 employees across its Facilities on or about September 19, 2017.

25. On December 4, 2017, Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code.

26. Until their terminations by Defendant, Plaintiffs and the other similarly situated persons were employees of Defendant who worked at, received assignments from, or reported to Defendant at its Facilities.

## NEW YORK WARN ACT CLASS ALLEGATIONS

27. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

28. Plaintiffs bring this Claim for Relief for violation of NYLL § 860 et seq., on behalf of themselves and a class of similarly situated persons, pursuant to NYLL § 860-G (7).

29. Plaintiffs bring this as a class action pursuant to Article 9 of the New York Civil Practice Law and Rules, on behalf of themselves and a putative class consisting of persons who

worked at or reported to Defendant's Facilities and were terminated without cause on or about September 19, 2017, and within 30 days of that date, or were terminated without cause as the reasonably foreseeable consequence of the mass layoffs and/or plant closings ordered by Defendant on or about September 19, 2017, and who are affected employees, within the meaning of NYLL § 860-A (1),(4) and(6) (the "NY WARN Class").

30. The persons in the NY WARN Class identified above ("NY WARN Class Members") are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

31. On information and belief, the identity of the class members, including each member's most recent residence address, is contained in the Defendant's books and records.

32. On information and belief, the rate of pay and benefits that were being paid by Defendant to each NY WARN Class Member at the time of his or her termination is contained in the Defendant's books and records.

33. Common questions of law and fact exist as to members of the NY WARN Class, including, but not limited to, the following:

(a) whether the members of the NY WARN Class were employees of Defendant who worked at or reported to a covered site of employment;

(b) whether Defendant unlawfully terminated the employment of the members of the NY WARN Class without cause on their part and without giving them 90 days advance written notice in violation of the NY WARN Act; and

(c) whether Defendant unlawfully failed to pay the NY WARN Class members 60 days' wages and benefits as required by the WARN Act.

34. Plaintiffs' claims are typical of those of the NY WARN Class. Plaintiffs, like other NY WARN Class members, worked at or reported to one of Defendant's Facilities and

were terminated on or about September 19, 2017 as part of the mass layoffs and/or plant closings ordered by Defendant.

35. Plaintiffs will fairly and adequately protect the interests of the NY WARN Class. Plaintiffs have retained counsel competent and experienced in complex class actions on behalf of employees, including the federal WARN Act, the NY WARN Act, other state laws similar to WARN, and employment litigation.

36. Class certification of these claims is appropriate because questions of law and fact common to the NY WARN Class predominate over any questions affecting only individual members of the NY WARN Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of NY WARN class action litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in court against a corporate defendant, and damages suffered by individual NY WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

37. Concentrating all the potential litigation concerning the NY WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the NY WARN Act rights of all the members of the Class.

38. Plaintiffs intend to send notice to all members of the NY WARN Class to the extent required by Fed. Rule Civ.P. 23.

39. Prosecuting and defending multiple actions would be impracticable.

40. Managing a class action will not result in undue difficulties for the parties and the Court.

**CLAIM FOR RELIEF**

**Cause of Action: Violation of the New York WARN Act**

41. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

42. At all relevant times, Defendant was an individual or private business entity defined as an "employer" under the NY WARN Act and continued to operate as a business until they decided to order mass layoffs or plant closings at the Facilities as defined by NYLL § 860-A(3),(4).

43. On or about September 19, 2017, Defendant ordered mass layoffs and/or plant closings at its Facilities as defined by NYLL § 860-A(3),(4).

44. Plaintiffs and the Class Members each suffered a termination of employment as defined by NYLL § 860-A(2)(C), having been terminated by Defendant without cause on their part.

45. Defendant was required by the NY WARN Act to give Plaintiffs and the Class Members at least 90 days' advance written notice of their terminations pursuant to § 860-B.

46. Defendant failed to give Plaintiffs and the Class Members written notice that complied with the requirements of the NY WARN Act.

47. Defendant failed to pay Plaintiffs and each of the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations, and failed to make the pension and 401(k) contributions

and provide employee benefits under ERISA, other than health insurance, for 60 days from and after the dates of their respective terminations.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of all other similarly situated persons, prays for the following relief as against Defendant:

A. Certification of this action as a class action;

B. Designation of Plaintiffs as Class Representatives;

C. Appointment of the undersigned attorneys as Class Counsel;

D. A judgment in favor of the Plaintiffs and each of the "affected employees" equal to the sum of: their unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, health and life insurance, and other ERISA benefits, for 60 days, that would have been covered and paid under the then-applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the NY WARN Act, NYLL § 860-G(7).

E. Reasonable attorneys' fees and the costs and disbursements that Plaintiffs will incur in prosecuting this action, as authorized by the NY WARN Act, NYLL § 860-G(7); and

F. Such other and further relief as this Court may deem just and proper.

Dated: February 7, 2018

    Respectfully submitted,

    By: /s/ René S. Roupinian
    Jack A. Raisner
    René S. Roupinian
    **OUTTEN & GOLDEN LLP**
    685 Third Avenue, 25th Floor
    New York, New York 10017

|  |  |
|---|---|
| Telephone: | (212) 245-1000 |
| Facsimile: | (646) 509-2060 |
| E-mail: | jar@outtengolden.com |
|  | rsr@outtengolden.com |

*Attorneys for Plaintiffs and the putative class*